Kathleen K. JOHNSON;, Plaintiff—Appellant,

Janice Fayrene Moody, Counter-claimant—Appellee,

v.

THE CITY OF BULLHEAD CITY, ARIZONA; City of Bullhead Police Department; Glenn Walp, Police Chief aka Glenn Walt; Mark Baroldy, Police officer; Nathan Kirch, Police Officer; Ken Williams, Police Officer; Roy Reff, Sergeant (Police Supervisor) aka John Doe; Janice Fayrene Moody;, Defendants—Appellees,

Kathleen K. JOHNSON, Counter-defendant—Appellant.

Nos. 00–16006, 01–15985.
D.C. No. CV–98–01357–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided April 23, 2002.

Before THOMPSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM *

Kathleen K. Johnson appeals the district court's entry of summary judgment and award of attorneys' fees in favor of the City of Bullhead City, police chief Glenn Walp, police supervisor Roy Reff, and police officers Mark Baroldy, Ken Williams, and Nathan Kirch. She also appeals the district court's decision to dismiss without prejudice certain supplemental state law claims. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. *Fourth Amendment Seizure*

■ Johnson alleges that the police officers seized her personal property in violation of the Fourth Amendment by requiring her to leave the condominium of her recently deceased boyfriend. While at the condominium, however, the police officers interfered only minimally with Johnson's interest in her personal property kept there. The officers did not take possession of Johnson's property; they stated no view as to the ownership of the property or as to the right of Janice Moody (decedent's mother) to remove it; and they did not restrict Johnson's ability immediately to seek legal assistance in order to protect her interest in the property. Such minimal interference does not constitute a seizure for purposes of the Fourth Amendment. *See United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).

■ Johnson further seeks to hold the police officers liable for Janice Moody's removal of the property three days later. Any interference by the officers, however, ended well before Moody took the property from the condominium and the state: There is no evidence that the officers told Moody that she could take the property, were present when she did so, or knew of the removal. Nor did the officers interfere during the three-day period before Moody removed the property with John-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

son's ability to protect her property through the appropriate legal channels. Accordingly, Moody's actions do not constitute a proscribable seizure for which the officers can be held liable. *See Jacobsen,* 466 U.S. at 113, 104 S.Ct. 1652; *see also Soldal v. Cook County, Illinois,* 506 U.S. 56, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992) (conspiracy between private citizens and state actors).

In sum, the district court properly granted summary judgment in favor of the police officers on Moody's Fourth Amendment claim.

2. *Fourteenth Amendment Procedural Due Process*

■ Johnson also argues that the officers violated the Fourteenth Amendment by depriving her of property without due process of law. She has not, however, presented sufficient evidence to permit a finding that the officers deprived her of either her possessory or ownership interest in the property.

When the officers arrived at the condominium, Johnson had at most a quite limited possessory interest in the property there. Johnson did not have independent access to the location where she stored her property; instead, she kept the property in a condominium that she did not own or lease and to which she did not have a key.

The officers did not themselves take possession of Johnson's property, transfer it elsewhere, or damage or dispose of it, and they said nothing about who had a legal right to the property. Rather, they simply required Johnson to leave the condominium; her property remained where she had earlier chosen to keep it. Requiring her to leave the condominium did not deprive her of any interest she possessed in the property there. *Compare Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (state deprived plaintiffs of possessory interest in property by removing the property from the plaintiffs' homes).

■ True, Moody took Johnson's property from the state three days later. For the same reasons noted in the Fourth Amendment context, the officers cannot be held liable for the subsequent interference by Moody with Johnson's possessory or ownership interest. *See Howerton v. Gabica,* 708 F.2d 380, 384 (9th Cir.1983); *Harris v. City of Roseburg,* 664 F.2d 1121, 1127 (9th Cir.1981) ("[A]ffirmative participation" by state actors will permit liability for procedural due process violations; "passive surveillance" of actions of private citizens will not.).

The district court correctly entered summary judgment against Johnson on her procedural due process claim.

3. *Fourteenth Amendment Substantive Due Process*

■ The officers' conduct at issue in this case in no way "shocks the conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). The district court therefore properly entered summary judgment in the officers' favor on Johnson's substantive due process claim. *See id.*

4. *Municipal and Supervisors' Liability*

The district court also correctly granted summary judgment to Bullhead City, Walp, and Reff on Johnson's claim for municipal and supervisory liability, because Johnson did not establish that any constitutional violation occurred. *See Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir.1994); *Blyden v. Mancusi,* 186 F.3d 252, 265 (2d Cir.1999).

### 5. *Section 1985 and 1986 Claims*

Only subsection 3 of § 1985 has any possible relevance to Johnson's §§ 1985 and 1986 claims. Section 1985(3), however, applies only to conduct resulting from racial or other class-based invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Johnson has not alleged such animus in her complaint or to this court. Because Johnson cannot state an actionable § 1985(3) claim, her § 1986 claim likewise must fail. *See McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir.1990).

### 6. *Conversion*

█ Johnson seeks to hold the officers and Bullhead City liable for conversion of her property. Arizona law defines conversion as: "An intentional exercise of dominion or control over a chattel which so *seriously interferes* with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Focal Point, Inc. v. U-Haul Co. of Arizona, Inc.*, 155 Ariz. 318, 746 P.2d 488, 489 (Ariz.App.1987) (emphasis in original). Johnson has presented no evidence that the officers exercised control or dominion over her property or seriously interfered with her right to control it. *See id.* The district court therefore correctly entered summary judgment in favor of the appellees on this claim.

### 7. *Intentional Infliction of Emotional Distress*

█ Johnson also alleges intentional infliction of emotional distress by the officers. The officers's conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atro-

cious, and utterly intolerable in a civilized community." *Ford v. Revlon, Inc.*, 153 Ariz. 38, 734 P.2d 580, 585 (1987). Accordingly, the district court properly granted the officers and Bullhead City's motion for summary judgment on this claim.

### 8. *Attorneys' Fees*

█ Johnson further argues that the district court abused its discretion in awarding attorneys' fees to the appellees.[1] The district court acted within its discretion, however, because of the weakness of Johnson's claims, the limited period for which fees were awarded, and Johnson's failure to respond to the motion for fees (or to provide any explanation for why she did not do so). *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir.2000).

### 9. *Dismissal of State Law Claims*

Finally, Johnson contends that the district court abused its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims, or by dismissing, instead of remanding, those claims. The appellees do not respond to these arguments on the merits, but instead assert only that Johnson did not raise the issues in her notice of appeal. They are incorrect: Johnson appealed the "Order dated March 29, 2001," which included the dismissal of the state law claims, and, although the notice specifically referenced the attorneys' fees issue, Johnson did not limit her appeal to that decision.

Nonetheless, we see no basis for finding that the district court abused its discretion in dismissing the state law claims without prejudice. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir.2001); *see also* 28 U.S.C. § 1367(d) (tolling the state statute of limitations for thirty days

---

1. Johnson's argument that the district court did not have jurisdiction to award attorneys' fees has no merit. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1149 n. 6 (9th Cir.2000).

after the dismissal of supplemental state law claims).

CONCLUSION

The decision of the district court is AFFIRMED.